IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISAAC ROSARIO, )
)
        Plaintiff, )
)
v. ) No. 06 C 5108
)
CITY OF CHICAGO, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

During the course of this Court's April 17, 2008 oral ruling on the motion brought by counsel for defendant James Witt ("Witt"), seeking reconsideration of the April 1 written memorandum opinion and order dealing with the litigants' motions in limine, this Court had occasion to refer to another of its opinions, issued almost exactly two decades back, that has since been picked up by a number of other judges, apparently because they like the turn of phrase employed there. Here is that excerpt from <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988):

> Despite what Gulfco appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.

Nothing daunted, Witt's counsel have once again pursued the same course--as the French aphorism has it:

> Plus ça change, plus c'est la même chose.

Witt's most recent renewal of his effort to obtain relief as to a portion of the motions in limine has been triggered in connection with this Court's request, made at the conclusion of its April 17 oral ruling, that counsel for plaintiff Isaac Rosario ("Rosario") file a written response as to two issues raised in Witt's motion to consider. That response is now in hand, and Witt's counsel has just tendered a motion for presentment on May 21, asking leave to file a Reply Memorandum. If anything, the parties' most recent submissions reconfirm the appropriateness of one aspect of this Court's earlier orders and identify the need for further input as to a second aspect.

First of the items raised by Witt is the attempted admission of testimony by James Staunton ("Staunton"), the Police Department employee who fingerprinted Rosario on September 26, 2005 (the date of the incident at issue in this litigation) and who generated the computerized arrest report (Ex. 1 to this opinion) containing input from various sources, including (1) Witt as the arresting officer, (2) Witt's approving supervisor, (3) Rosario and (4) Staunton himself. Not to put too fine a point on the matter, Witt's counsel has not fairly characterized the record on that score by urging the admissibility of Staunton's testimony to establish the foundation to bring into the record under Fed. R. Evid. ("Rule") 803(5), often referred to by its common law label of "past recollection

recorded," a statement contained in that arrest report. Some review of the bidding is called for in that respect.

To begin with, after protracted (months-long) efforts by Rosario's counsel to pin down defense counsel (and defendants) to straightforward answers to some key interrogatories seeking information as to any personnel having knowledge of the events at issue in the case, Assistant Corporation Counsel Megan McGrath generated the August 21, 2007 letter attached as Ex. 2. Most critically, after that defense counsel had obtained express confirmation from Staunton as to his responses, that letter made these representations:

> 3. City personnel who heard plaintiff make statements, or who remember plaintiff making statements on Sept. 26, 2005:
>
> None.
>
> 4. City personnel who did not hear plaintiff make statements, or who do not remember hearing plaintiff make statements on Sept. 26, 2005:
>
> Capt. Mark Buslik
> Sgt. Brian Orseno
> PO Saul Basurto
> PO Leah Tobek
> Detention Aide James Staunton

So it is undisputed that Staunton cannot testify to any matters of his own knowledge--hence the need to fall back on Rule 803(5).

But at that point Witt's counsel leaves the realm of fact and enters the world of speculation. Here are the telling excerpts from page 2 of Witt's current proposed Reply:

> Staunton is an individual who does not remember either
> observing Rosario or taking his statement.
>
> * * *
>
> Ms. Hoft [Rosario's counsel] handed Yi [Chicago Police
> Officer Richard Yi, who searched Rosario and explained
> lockup procedures to him on September 26, 2005] with
> [sic] a copy of the computerized report relating to
> Rosario and asked him who inputted the data. Yi told
> her that Staunton had prepared this report. Yi
> Deposition 40. Ms. Hoft then asked Yi whether Staunton
> had included in the report a statement that Rosario had
> been injured prior to his arrest. Yi testified that he
> had, although Yi did not know how Staunton acquired
> this information nor did he remember Rosario's
> statement to this effect. Id.

It is against that backdrop that this Court must view the statement in the arrest report that is sought to be introduced through Staunton's provision of the foundation for the document--but not a foundation for the statement itself.

As an examination of the arrest report reveals, what it includes in part is a section that specifically reflects Rosario's answers to questions posed by Staunton in the section headed "ARRESTEE QUESTIONARIE" (sic). But the focus of the current dispute is this entry, found not in that section but later under the caption "QUESTIONNAIRE REMARKS" (copied verbatim):

> Arrestee Has Numerous Bruise'S About Face Area Right
> Cheek Area Injuried Prior Too Being Arrested

On Witt's (and the City of Chicago's) own representations, neither Yi nor Staunton has ascribed that statement, or has any first-hand ability to ascribe it, to Rosario. Both Yi and

4

Staunton disclaim knowledge in that regard. To then characterize that entry as an admission by Rosario, as is essential to qualify it for admissibility as nonhearsay under Rule 801(d)(2), requires sheer speculation.

Rule 803(5) frequently poses the problem that cross-examination as to statements contained within such a record is effectively unavailable. Even though a document itself may come within an exception to the hearsay rule, statements within the documents must themselves qualify either as hearsay exceptions or as nonhearsay. And in that regard Rule 403 is always a relevant consideration.

Here the statement at issue, unanchored as it is as being a purported Rosario admission through any testimony from declarant Staunton (or, for that matter, from Yi), is thus hearsay. And even were that not the case, its attenuated character causes it to run afoul of Rule 403 balancing: Any probative value it might have in those speculative terms is indeed substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Accordingly Witt's motion for reconsideration on that subject is denied.

Next Witt asks this Court to take a fresh look at its provisional exclusion of Rosario's cellphone records, offered by Witt to impeach a portion of Rosario's account of events on the night in question. Quite apart from the issues of reliability

and probative value that cause Rosario's counsel to invoke Rule 403 to bar those records, there is a conflict between the parties as to whether the cellular telephone records from Rosario's girlfriend Michelle Muniz' telephone are or are not contradictory of the Rosario cellphone records that Witt seeks to introduce. This is an issue on which resolution can best be derived by a brief in-person presentation by opposing counsel explaining their respective positions. To that end counsel should be prepared, on the May 21 presentment date for Witt's motion, to discuss setting an early date for such in-person presentation and this Court's ruling.

Finally, Witt has accompanied his proposed Reply with a motion seeking leave to amend the existing final pretrial order to add some witnesses relating to his alleged Rule 404(b) conduct. On that score this Court needs a response (of course) from Rosario's counsel, and that subject can also be addressed at the May 21 presentment date.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: May 15, 2008

_AGO POLICE DEPARTMENT  
REST REPORT  
S. Michigan Avenue, Chicago, Illinois 60653  
• by Chicago Police Department Personnel Only)  
L 420C(REV. 6/30)

FINAL APPROVAL

CB #: 16317171  
IR #: 1167862  
YD #:  
SID #: 38256440

ame: ROSARIO, Isaac  
.es: 7268 W Thorndale Ave, #5A  
    Chicago, IL 60631  
DOB: 29 June 1977  
AGE: 28 years  
POB: Illinois  
DLN: R26040077184 -IL  
TID : 26040077184R - ILLINOIS

Beat: 1612

Male  
White Hispanic  
6' 00"  
270 lbs  
Hazel Eyes  
Unknown Hair  
Bald Hair Style  
Light Complexion



rest Date: 26 September 2005 01:50   TRR Completed? No  
Location: 3156 N Lavergne Ave   Beat: 2521  
    Chicago, IL 60641  
    304 - Street  
olding Facility: District 025 Male Lockup  
usisted Arrest?  No

Total No Arrested: 1    Co-Arrests    Assoc Cases  
    DCFS Ward ?  No  
Dependent Children? No

Victim

| | |
|---|---|
| Offense As Cited | 725 ILCS 5.0/110-3<br>ISSUANCE OF WARRANT |
| Offense As Cited | 725 ILCS 5.0/110-3<br>ISSUANCE OF WARRANT |
| Offense As Cited | 625 ILCS 5.0/6-303-A<br>DRIVING ON A REVOKED LICENSE<br>Class A - Type M |
| Offense As Cited | 625 ILCS 5.0/3-707<br>INSURANCE - OPERATE MTR VEHICLE WITHOUT<br>Class U - |
| Offense As Cited | 625 ILCS 5.0/12-603.1<br>IVC - NOT WEARING SEAT BELT/DRIVER<br>Class P - |
| Offense As Cited | 9-36-030<br>LIMIT ON OVERTAKNG ON THE LEFT<br>Class L - |
| Offense As Cited | 9-24-010(B)<br>STOP AT STOP SIGN<br>Class L - |

#1 WATT

Generated By: FORD, Marialisa ( PC0F364 )    Page 1 of 5    Rosario v. City 06 C 5108  
22

EX. 1

ago Police Department - ARREST Report

CB #: 16317171
FBI #: 801636D89

ROSARIO, Isaac

NO NARCOTICS RECOVERED

| arrant No | Issue Date | Type | NCIC/ Leads No | Hold | Bond Amount | Case Docket No | County |
|---|---|---|---|---|---|---|---|
| E001358 | 31-MAR-00 | Bond Forfeiture Warrant | | | $3,000.00 | T07974728 | Cook |
| 05M2771 | 14-JUN-05 | Bond Forfeiture Warrant | W05M2771 | L30253 | | | Dupage |

Vehicle: VEHICLE IMPOUNDED: No
1987 Truck - Chevrolet - Astro - Vanette, (Metro, Step Van, Handy Van)
VIN#: 1GBDM1525HB201707
Lic#: 6533168  IL
Color: Maroon Or Burgundy (Top) / Gray (Bottom)
Inv#:
Pound#: 701 N SACRAMENTO
Disposition: Towed

onfiscated Properties :
l confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court
cuments related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    ROSARIO, Isaac,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

he facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
VENT #01160 OFFENDER OBSERVED OPERATING ABOVE VEHILCLE COMMITTED MINOR TRAFFIC VIOLATIONS
ND CURBED. OFFENDER UNABLE TO PRODUCE A DRIVERS LICENSE OR INSURANCE AND PLACED IN CUSTODY
OR TRAFFIC VIOLATION BOND. OFFENDER MIRANDIZED AND TRANSPORTED TO 025 DISTRICT FOR
ROCESSING. NAME CHECK OF OFFENDER REVEALED LOCAL WARRANT #TE001358 CONFIRMED BY CENTRAL
ARRANTS QUINTANA #5271 FOR CHICAGO AND LEADS WARRANT #W05M2771 CONFIRMED BY LEADS MOSS
13778 HOLD #L30253 FOR SOUTH DUPAGE COUNTY. OFFENDER HAS PHOTO I D. AND $459.00 U.S.C.

Desired Court Date: 19 October 2005
Branch: TRFCT 50 W WASHINGTON - Room
Court Sgt Handle? No
Initial Court Date: 26 September 2005
‿ranch: CBC-1 2600 S CALIFORNIA - Room
Docket #:

BOND INFORMATION NOT AVAILABLE

hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the b‹·st of my knowledge, information and/or belief.

Attesting Officer: #19400 WITT, J L (PC0S626) 26 SEP 2005 04:?7

st Arresting Officer: #19400 WITT, J L (PC0S626)

Beat 2521

Approval of Probable Cause : #56 BUSLIK, M S (PC09741) 26 SEP 2005 04::)1

| | | | |
|---|---|---|---|
| Holding Facility: District 025 Male Lockup | | Time Last Fed: | |
| Received in Lockup: 26 September 2005 04:35 | | Time Called: 26 September 2005 04:45 | Phone#: 6309804499 |
| Prints Taken: 26 September 2005 04:31 | | Cell #: 7-5 | |
| Photograph Taken: 26 September 2005 04:34 | | | |
| Released from Lockup: 26 September 2005 09:16 | | Transport Details : 1PO  2521  26-SEP-2005 01:58 | |

| | | | |
|---|---|---|---|
| Is there obvious pain or injury? | Yes | Presently taking medication? | No |
| Is there obvious signs of infection? | No | (if female) are you pregnant? | No |
| Under the influence of alcohol/drugs? | No | First time ever been arrested? | No |
| Signs of alcohol/drug withdrawal? | No | Attempted suicide/serious harm? | No |
| Appears to be despondent? | No | Serious medical or mental problems? | No |
| Appears to be irrational? | No | Are you receiving treatment? | No |
| Carrying medication? | No | | |

Arrestee Has Numerous Bruise'S About Face Area Right Cheek Area Injuried Prior Too Being Arrested

Name : MUNOZ, Michele

Res:        Beat:

NO INTERVIEWS LOGGED

NO VISITORS LOGGED

| Action | By | | Destination | | Reason |
|---|---|---|---|---|---|
| RELEASED BY | #2099 | Orseno, Brian (PC0G354) | 26 SEP 2005 05:16 | District 025 Male Lockup | |
| RECEIVED BY | #3519 | Tobeck, Leah | 26 SEP 2005 05:16 | West Suburban | Treatment |
| RECEIVED BY | #11660 | Basurto, Saul (PC0M959) | 26 SEP 2005 07:14 | District 025 Male Lockup | Back |

**Watch Commander Comments:**

DOES NOT APPLY TO THIS ARREST

| | | | Beat |
|---|---|---|---|
| Searched By: | #18009 | YI, R Y (PC0X694) | |
| Lockup Keeper: | #18009 | YI, R Y (PC0X694) | |
| Assisting Arresting Officer: | #19034 | DROZD, M K (PC0V726) | 2523 |
| Assisting Arresting Officer: | #5383 | THEODORIDES, P G (PC0V196) | 2523 |
| Fingerprinted By: | | STAUNTON, J M (PC0C981) | |

| | | | | Beat |
|---|---|---|---|---|
| Final Approval of Charges : | #56 | BUSLIK, M S (PC09741) | 26 SEP 2005 05:11 | |



City of Chicago
Richard M Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Police Policy Litigation Division
30 North LaSalle Street
Suite 1610
Chicago, Illinois 60602-2580

(312) 744-9010
(312) 744-6912 (FAX)

http://www.cityofchicago.org

**Via Facsimile Delivery**

August 21, 2007

Janine L. Hoft
People's Law Office
1180 North Milwaukee Ave.
Chicago, IL 60622

RE:    **Rosario v. City of Chicago, et. al., 06 C 5108**

Dear Counsel,

I hope that you received our letter of August 17, 2007, making your requested changes in the interrogatory answers. After confirming with Detention Aide James Staunton, his answer does not change.

1.  City personnel who witnessed any physical interaction between Plaintiff and any members of the Chicago Police Department:
    None.

2.  City personnel who did not witness any physical interaction between the Plaintiff and any members of the Chicago Police Department:
    Capt. Mark Buslik
    Sgt. Brian Orseno
    PO Saul Basurto
    PO Leah Tobek
    Detention Aide James Staunton

3.  City personnel who heard plaintiff make statements, or who remember plaintiff making statements on Sept. 26, 2005:
    None.

4.  City personnel who did not hear plaintiff make statements, or who do not remember hearing plaintiff make statements on Sept. 26, 2005:
    Capt. Mark Buslik
    Sgt. Brian Orseno
    PO Saul Basurto
    PO Leah Tobek
    Detention Aide James Staunton

5.  City personnel who observed plaintiff, or who remember any observations of plaintiff, on Sept. 26, 2005:
    None.

EX. 2

Rosario Interrogatories letter
Pg. 2
August 21, 2007

6. City personnel who did not observe, or do not remember observing plaintiff on Sept. 26, 2005:
Capt. Mark Buslik
Sgt. Brian Orscno
PO Saul Basurto
PO Leah Tobek
Detention Aide James Staunton

Sincerely,

Megan K. McGrath
Assistant Corporation Counsel
Attorney for Defendant City of Chicago
(312) 742-3541

cc: Mary S. McDonald
Attorney for Defendant Officer Witt